## Wormick v. Taylor

*B. M. Gross*, for plaintiff.
*Alan D. Williams, Jr.*, for defendant.

BECKERT, J., May 20, 1969.—On April 15, 1968, Charles F. Wormick, Jr., and Joseph Paul Smith (co-plaintiffs) filed a complaint in trespass against James E. Taylor (original defendant) which complaint, after being reinstated on April 30, 1968, was served on the original defendant on May 14, 1968. An appearance was entered on his behalf on May 20, 1968. Original

defendant answered the complaint on August 22, 1968, and included with his answer was new matter which attempted to join one of the coplaintiffs, Charles F. Wormick, Jr. (Wormick) as an additional defendant. The answer and new matter were personally served on Wormick on September 3, 1968. On the same day, a complaint against the additional defendant, Patrick Corelli, was filed. No issue is raised as to the joinder of Corelli. On September 11, 1968, Wormick, as additional defendant, filed preliminary objections to original defendant's answer and new matter, alleging that the attempted joinder was defective because it was filed more than 60 days after the service of the complaint on the original defendant; that is to say, that the joinder violated Pennsylvania Rule of Civil Procedure 2253. Wormick has not raised any objection to the filing of the answer and new matter more than 20 days after service of the complaint.

At the time of the argument before our court en banc, and as the briefs indicate, the parties have proceeded as if Pa. R. C. P. 2253 were the appropriate rule. In this, they are mistaken. Rule 2253 deals with a situation whereby an original defendant seeks to add to the record a new party as an additional defendant, and, in that type of joinder, the time limitation of 60 days is applicable. Such is not the case before us. Here, the original defendant seeks to join a coplaintiff as an additional defendant by the use of Pa. R. C. P. 2252(d), which provides:

"If two or more persons are co-plaintiffs, a defendant without moving for a severance may assert in his answer as new matter that one of the co-plaintiffs is alone liable to another of the co-plaintiffs on the cause of action declared on, or is liable over to the defendant thereon, or is jointly or severally liable thereon with him to another co-plaintiff. The case shall proceed thereafter as though there had been a severance of

that co-plaintiff and his joinder as an additional defendant."

We recognized this procedure for joining a coplaintiff as an additional defendant in our case of Dawson v. Carl, 13 Bucks 521, 522 (1964). We do not mean to imply that an original defendant could only join an additional defendant pursuant to Pa. R. C. P. 2252(d). See Prischak v. Shirkoff, 4 Crawford 234 (1964); Hills Center, Inc. v. Kenny's Children Shops, Inc., 115 Pitts. L. J. 151 (1967). However, the original defendant did choose the streamlined procedure available to him by Pa. R. C. P. 2252(d) rather than resort to the prior awkward and cumbersome practice of severance, joinder and consolidation.

If a limitation of time exists, within which to join a coplaintiff as an additional defendant, it may be found in Pa. R. C. P. 1026, which establishes a 20-day time limit for the filing of an answer. As the failure to file the answer and new matter within that prescribed period of time is not raised by the preliminary objections, we make no decision on that question. We note, however, that in Reese v. Eidemiller, Inc., 44 Westmoreland 185 (1962), a similar answer and new matter was allowed 45 days after service of the complaint and, in Bell v. Wisneski, 47 Westmoreland 217 (1965), an answer and new matter joining a coplaintiff as an additional defendant was allowed approximately four months after an entry of appearance by counsel for the original defendant.

We, here, merely hold that the time period set forth in Pa. R. C. P. 2253 is not applicable to a joinder under Pa. R. C. P. 2252(d).

For the above reasons we enter the following

ORDER

And now, May 20, 1969, it is hereby ordered that the preliminary objection of the additional defendant,

Charles F. Womick, Jr., is dismissed and overruled. Leave is granted to Charles F. Womick, Jr. as additional defendant to reply to the new matter filed against him in the above number and term within 20 days from this date.